# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

WHOLE SPACE INDUSTRIES, LTD. a Western
Samoa corporation,

                Plaintiff,

-vs-                                                Case No. 2:09-cv-217-FtM-99SPC

GULFCOAST INTERNATIONAL PRODUCTS,
INC. a Florida corporation,

                Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff Whole Space Industries, LTD.'s Motion for Default Judgment (Doc. #10) filed on May 11, 2009. The matter was referred to this Court by the United States District Court Judge Richard A. Lazzara for a report and recommendation regarding the amount of damages claimed by the Plaintiff.

## FACTS

      On April 9, 2009, the Plaintiff filed a three (3) count Complaint against the Defendant Gulfcoast International Products, Inc. alleging the Defendant owes the Plaintiff $2,147,699.63. In Count I, the Plaintiff alleges that Defendant owes the Plaintiff $1,776, 682.24 for goods sold and delivered between December 27, 2004, and March 30, 2009, plus interest and costs. Count II alleges the Defendant owes the Plaintiff $200,000.00 for money lent by the Plaintiff to the Defendant on October 18, 2006, plus interest, for a total of $245, 818.28. In Count III the Plaintiff alleges the

Defendant owes $19,002.35 for expenses advanced by the Plaintiff for the benefit of the Defendant during the periods from October 23, 2008, through February 21, 2009, for a total, including interest of $19,314.39.[1]

On May 11, 2009, the Plaintiff filed a Motion for Clerk's Default (Doc. # 11) which was granted (Doc. # 12) by the Court on May 18, 2009. The Clerk of the Court subsequently entered a Clerk's Default (Doc. # 13) on May 20, 2009. The Plaintiff filed the instant Motion for Default Judgement seeking the award of the alleged damages. On May 29, 2009, the District Court referred the issue of damages to the undersigned for hearing and preparation of a Report and Recommendation.

A hearing was held before the undersigned on June 11, 2009, for the Plaintiff to provide proof of its alleged damages. At that hearing, the Plaintiff called Michael Hollander, Whole Space Industries' Vice President of Sales, as its representative. (Tr. 4: 4-7).[2] Hollander offered testimony regarding the alleged indebtedness and the Plaintiff supplemented the record on June 17, 2009, with evidence relating to Counts II and III.

Hollander, testified that the Plaintiff supplied the Defendant with blinds, shades, and shutters; the Defendant would then market the products for sale. (Tr. 4:11-25). He stated that the relationship between the Plaintiff and Defendant was one of supplier to a customer. (Tr. 5:12-14). Hollander noted that Plaintiff kept an open account with the Defendant for ordering goods and products from the Plaintiff. (Tr. 5:12-14). Under the terms of the agreement, the Defendant would submit a

---

[1] Interest is calculated at eight percent (8%).

[2] The transcript of the hearing is docket entry number 18. For reference purposes, citations to the transcript will be designated by (Tr. the page number: line number on that page).

purchase order for the product and the Defendant then had a certain amount of time to pay for the goods provided. (Tr. 5:4-11). Normally under the terms of the agreement the Defendant's payment would be applied to the oldest outstanding invoices first and progress forward as the relationship continued. (Tr. 5:20-22). Hollander acknowledged that at one time during the course of their business the Defendant stopped paying altogether. (Tr. 5:7-11). Hollander said the damages in Count I are only for the outstanding invoices which were not paid by the Defendant. (Tr. 5:23-25; 6:1-9).

Regarding the failed loans in Counts II and III, Hollander testified that the $200,000.00 dollars plus interest in damages alleged in Count II was markdown money loaned to the Defendant to help them achieve a buy back from a retailer (Lowes) and that loan was never paid back. (Tr. 6:14-25; 7:1-6; Doc. # 20, p.1). Hollander explained that sometimes when you do business with retailers, the distributor will take back the old products when new products are placed with the retailer. (Tr. 6:14-23). The $200,000.00 was loaned to the Defendant to aid the Defendant with the buy back of products it had in place with Lowes. (Tr. 6:24-25; 7:1-4; Doc. # 20, p.1).

At the time of the hearing, the Plaintiff failed to supply any documentation to support the loan claims made in Counts II and III (Doc. # 20). However, the supplemental material includes a copy of a check for $200,000.00, and a string of e-mails related to the funds demonstrating the Defendant's understanding and commitment to pay back the $200,000.00 borrowed to cover a buyback from Lowes. (Doc. # 20, Ex.1).

Likewise, the $19,000.00 in damages alleged in Count III were monies loaned to the Defendant and never paid back. (Tr. 7:7-9). Hollander stated the Defendant employed an engineer who traveled to their factory, in China, about six times a year to help in production. (Tr. 7:10-12). Hollander said it was part of an agreement between the Plaintiff and the Defendant that the Plaintiff

would pay part of the engineer's salary as well as his travel and hotel expenses, part in U.S. dollars and part in Renminbi, the Chinese currency, and then the Plaintiff would be repaid after the engineer returned from China. (Tr. 7:10-17). Hollander says that money was never repaid. (Tr. 7:18-19). Hollander testified the expense money had been repaid in the past, but the Defendant failed to repay the expenses and salary paid for the engineer's visit in October of 2008. (Tr. 7:20-25; 8:1-5). As part of his supplementation of the record, the Plaintiff produced a spread sheet detailing the expenses incurred by the engineer during his October 2008 visit to the Whole Space factory in China. (Doc. # 20, Ex. 2).

Regarding the interest, Hollander testified, that in regards to Count I the interest was calculated from the date that each invoice was due, in accord with the provisions of Florida's statutory rate. (Tr. 9:2-6). The interest was calculated for each year using the appropriate interest rate allowed by Florida law for each successive year beginning with 2006, 2007, 2008, and 2009. (Tr. 9:2-9). The interest related to the loans in Counts II and III was calculated using the same procedure. (Tr. 9:7-9).

## DISCUSSION

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Woodson v. Modular Clean, Inc., 2008 WL 619346 * 1 (M.D. Fla. March 3, 2008). Thus, if liability is well-plead in the complaint, it is established by the entry of a default. Id. (citing Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir.1987)). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. Glanzrock v. Patriot Roofing

Industries, Inc., 2009 WL 179634 * 1 (M.D. Fla. January 26, 2009) (citing Nishimatsu Constr. Co. v. Houston National Bank, 515 F.2d 1200, 1206 (5th Cir.1975); Woodson, 2008 WL 619346 at * 1. Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default; rather, the Court determines the amount and character of damages to be awarded. Wallace v. the Kiwi Group, Inc., 241 F.R.D. 679, 681 (M.D. Fla. 2008) (citing Miller v. Paradise of Port Richey, Inc., 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)); Fed. R. Civ. P. 55(b)(2).

The Complaint asserts three (3) well pled allegations that the Defendant failed to pay for products, namely blinds, shades, and shutters, delivered to the Defendant by the Plaintiff between December 27, 2004, and March 30, 2009. Since, the Defendant failed to answer or respond to the Complaint, the Court shall consider that the Defendant admits to the alleged liability in the Complaint. Wallace, 241 F.R.D. at 681.

Regarding the damages claimed by the Plaintiff. The Plaintiff filed an affidavit attached to its Motion (Doc. # 10) asserting that the Plaintiff owes the amounts claimed in Counts I, II and III of the Complaint. The Plaintiff provided a detailed list of the products delivered to the Defendant, the ship date, the invoice date, the invoice number, the general description of the item, and the dollar amount for each item the Defendant failed to make payments on as alleged in Count I. (Doc. # 1, Exs. A, B, and C). As such, the Court respectfully recommends that the Plaintiff established the amount of damages asserted in Count I.

The Complaint did not however, provide proof of the loan amounts asserted in Counts II and III. Hollander testified the $200,000.00 dollars plus interest in damages alleged in Count II was markdown money loaned to the Defendant to help them achieve a buy back from a retailer

(Lowes).(Tr. 6:14-25; 7:1-6; Doc. # 20, p.1). That loan was never paid back. (Tr. 6:14-25; 7:1-6; Doc. # 20, p.1). In addition to Hollander's testimony, the Plaintiff provided copies of e-mails in which the Defendant discusses repaying the $200,000.00, as well as a copy of the check for $200,000.00 issued to the Defendant. Hollander testified that the loan was given to the Defendant to aid them in the buy back, because the Defendant stated it did not have the funds to complete the process. (Tr. 6:16-23). Thus, the Court respectfully recommends the Plaintiff sufficiently established the Plaintiff's claim for $200,000.00 included in Count II.

The Plaintiff also provided an expense accounting of the engineer's visit to the factory in China listing $19,002.35 in costs, expenses, and salary damages alleged in Count III. According to Hollander, the engineer would visit the factory in China about six (6) times a year and would be paid part of his salary and expenses in Renminbi and part in U.S. dollars. (Tr. 7:10-17). The Plaintiff's representative testified that the travel expenses were a loan that in the past the Defendant always paid back, but on this occasion failed to do so. (Tr. 7:7-9). Thus, the Court respectfully recommends the Plaintiff sufficiently established the Plaintiff's claim for $19.002.35 included in Count III.

## **CONCLUSION**

After a review of Hollander's testimony it is clear that there was an ongoing business relationship between the Plaintiff and the Defendant that had been established over a number of years. As part of that business relationship, the Defendant had an open line of credit to purchase the Plaintiff's products for sale to retailers and from time to time the Plaintiff would loan funds to the Defendant to aid in the Defendant's business. At some point in the relationship, the Defendant stopped paying on its invoices and failed to pay the Plaintiff back for the loans as alleged in Counts

II and III. The Plaintiff provided an affidavit attesting the amounts of unpaid invoices and loans as well as documentation and testimony from its Vice President of Sales as to the relationship and the Defendant's failure to pay its financial obligations. As such, the Court respectfully recommends the Plaintiff has sufficiently proved its damages.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Plaintiff Whole Space Industries, LTD.'s Motion for Default Judgment (Doc. #10) should be **GRANTED**. It is further respectfully recommended that the Defendant should be awarded damages as follows:

> (1) In Count I, the Defendant owes the Plaintiff $1,776, 682.24 for goods sold and delivered between December 27, 2004, and March 30, 2009, plus interest totaling $2,147.699.63, plus any further accrued interest.
>
> (2) In Count II, the Defendant owes the Plaintiff $245, 818.28 including interest plus any further interest accrued since the lawsuit began.
>
> (3) In Count III, the Defendant owes the Plaintiff $19,314.39 including interest plus any interest accrued since the lawsuit was filed.
>
> (4) In total it is respectfully recommended that Default Judgement should be entered in favor of the Defendant and damages awarded in the amount of $2,412,832.30 plus any additional accrued interest.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___24th___ day of June, 2009.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record